11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Mary
Churchwell and David Churchwell

Appellants

Vs.                   No. 11-03-00176-CV -- Appeal from Howard County

City of
Big Spring, Texas, and Big Spring Animal Control

Appellees

 

Mary Churchwell and David Churchwell sued the City
of Big Spring, Texas, and Big Spring Animal Control[1]
for injuries sustained by Mary Churchwell when a dog attacked her.  The dog, named Fatboy, was owned by Boe Payne
who lived near the Churchwells.  Shortly
before the attack, Fatboy had attacked an infant, and Big Spring had
quarantined Fatboy.  Big Spring released
Fatboy to Payne; and, approximately two weeks later, Fatboy attacked Mary
Churchwell.  The trial court granted Big
Spring=s plea to
the jurisdiction based on sovereign immunity. 
We affirm.

 Sovereign
immunity in Texas deprives a trial court of subject matter jurisdiction for
lawsuits in which the state or certain governmental units have been sued unless
the state or the governmental unit consents to suit.  Texas Department of Parks and Wildlife v.
Miranda, No. 01-0619, 2004 WL 726901 (Tex. April 2, 2004).  Absent that consent, the Texas Tort Claims
Act provides a limited waiver of sovereign immunity.  TEX. CIV. PRAC. & REM. CODE ANN. '' 101.001 thru 101.109 (Vernon
1997 & Pamph. Supp. 2004).  Thus, a
municipality is immune from tort liability unless that immunity is waived under
the Texas Tort Claims Act.  City of
Amarillo v. Martin, 971 S.W.2d 426, 427 (Tex.1998).








The Texas Tort Claims Act
expressly waives sovereign immunity in three areas:  use of publicly owned automobiles, premise
defects, and injuries arising out of conditions or use of property.  County of Cameron v. Brown, 80 S.W.3d
549, 554 (Tex.2002).   The question in
this case is whether the Churchwells have alleged Ainjuries
arising out of conditions or use of property@
by Big Spring and met the waiver conditions of Section 101.021.

Shortly after the
Churchwells filed their original petition, Big Spring filed its plea to the
jurisdiction, special exceptions, and original answer.  After the entry of an agreed order requiring
the Churchwells to amend their petition, the Churchwells filed an amended
petition that alleged:

[T]his
claim arises from the use or condition of tangible property by Defendant Big
Spring Animal Control, namely, the use of the kennels inside the animal control
facility and the decision to release Fatboy instead of keeping Fatboy
quarantined and/or the failure to use the mechanisms within the facility to
euthanize Fatboy.

 

The Churchwells rely on Michael v. Travis
County Housing Authority, 995 S.W.2d 909 (Tex.App. B
Austin 1999, no pet=n), where
two dogs escaped from their owner=s
yard and injured a child.  The Housing
Authority knew of the dogs=
vicious nature, and the Housing Authority built a fence around the owner=s yard to keep the dogs in the
yard.  The dogs escaped through holes in
the fence and attacked the child. 
Because of the defective condition of the fence, the court held that
sovereign immunity was waived.  

In this case, however, the Churchwells do not
complain of a premise defect; Fatboy did not escape from defective Big Spring
kennels.  Their complaint is that Big
Spring was negligent in releasing Fatboy to his owner.  Stated another way, the Churchwells argue
that Big Spring failed to use the kennels to restrain Fatboy or that Big Spring
failed to use its facilities to euthanize Fatboy.








The Texas Supreme Court has held that the Ause of property@
must have actually caused the injury.  It
is not sufficient that a use of property merely furnished the condition that
made the injury possible.  Dallas
County Mental Health and Mental Retardation v. Bossley, 968 S.W.2d 339
(Tex. 1998), and Texas Department of Criminal Justice v. Miller,
51 S.W.3d 583, 590 (Tex.2001), 
illustrate the concept that the property must have been directly
involved in the injury before there can be a waiver of sovereign immunity.  In Bossley, a suicidal patient escaped
by pushing aside a hospital employee as that employee was going through two
self-locking doors.  Hospital staff
members chased the patient about half a mile to Interstate Highway 30 where the
patient leaped into the path of a truck and was killed.  As opposed to the Michael case, the
doors were not defective. Pointing out that the Aunlocked
doors permitted [the patient=s]
escape but did not cause his death,@
the Texas Supreme Court held that there was no waiver of sovereign immunity
under the Texas Tort Claims Act. Dallas County Mental Health and Mental
Retardation v. Bossley, supra at 343. Similarly, in Miller, the
Texas Supreme Court found that there was no waiver of sovereign immunity even
if the prison doctor and on-site clinic staff improperly administered pain
medication which masked the symptoms of meningitis, improperly read and
interpreted fever-detecting equipment, and improperly used clinic facilities
and equipment in diagnosing and treating Miller.  The court reasoned that the Ause of property@
must have actually caused the injury, and that A[t]he
property >used= on Miller did not.@ 
Texas Department of Criminal Justice v. Miller, supra at 588.

The dog attack against Mary Churchwell occurred
more than two weeks after it was released from Big Spring=s control.  There was no allegation that the dog escaped
from Big Spring=s
property due to a defective condition of that property. As in Bossley,
the use and condition of any Big Spring property was too attenuated from Mary
Churchwell=s injury
to be said to have caused it.  See
Dallas County Mental Health and Mental Retardation v. Bossley, supra at 343.  

The trial court did not err in holding that it did
not have subject matter jurisdiction.

                                                                 This
Court=s Ruling

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

April 29, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and 

Wright,
J., and  McCall, J.











[1]Big Spring Animal Control is the unit of the City that
deals with animal problems; therefore, the term ABig
Spring@ will refer to both appellees.